Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1490 | **DATE** | 6/12/2000 |
| **CASE TITLE** | Berthold Types Ltd. vs. Adobe Systems, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss count I, count II, Count III and count IV of the plaintiff's first amended complaint is granted. Plaintiff's motion to file a second amended complaint is granted as to count IV only. Ruling on the motion to dismiss set for 6/30/00 is vacated. Discovery is ordered closed on 10/2/00. Pretrial order to be filed by 11/1/00. Response to any motions in limine due by 11/15/00. Final pretrial conference set for 12/8/00 at 5:00 p.m. Trial date to be set at that time. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 13 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | UM docketing deputy initials | 21 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| MPJ | courtroom deputy's initials | 00 JUN 12 PM 3:57 | 6/12/2000 date mailed notice | |
| | | Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BERTHOLD TYPES LTD., an )
Illinois corporation, )
  )
      Plaintiff, )
  )
v. ) No. 00 C 1490
  )
ADOBE SYSTEMS, INCORPORATED, a )
Delaware corporation, )
  )
      Defendants. )

DOCKETED
JUN 13 2000

MEMORANDUM OPINION AND ORDER

Berthold Types, Inc., of Chicago, Illinois, markets typefaces; Adobe Systems, Inc., of San Jose, California, markets computer software, including software for computer typefaces. The Adobe Type Library, a collection of typefaces, is included in a piece of software in Adobe's repertoire (the "Library"), and it incorporated, among others, Berthold typefaces under a 25-year agreement executed in 1990. In October 1997, the 1990 agreement was replaced by a new typeface license agreement (the 1997 agreement). Berthold alleges that it has learned that Adobe has removed all the Berthold typefaces from the Library, no longer grants license extensions for the Berthold typefaces to purchasers of the Library, and falsely represents orally to customers that



Berthold sells Adobe fonts software containing Berthold typefaces at higher prices than Adobe sells or sold these typefaces. Berthold also alleges that Adobe contacted Freydank Koerbis Pillich Talke GbR of Germany ("FKPT") about settling a claim against Adobe that FKPT assigned to Berthold as part of a settlement agreement (in another lawsuit) providing in part that FKPT would let Berthold use its best efforts to collect consideration from Adobe.

In its first amended complaint, Berthold sued Adobe for breach of contract (Count I), false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(Count II), and consumer fraud and deceptive trade practices under Illinois law (Count III), as well as unjust enrichment (Count IV). In the second amended complaint, Berthold dropped the unjust enrichment claim, and substituted as Count IV a claim of intentional interference with contract. Adobe moves to dismiss Berthold's first amended complaint, and Berthold moves to file a second amended complaint. I grant these motions in part and deny them in part.

Berthold's breach of contract count fails to state a claim because the term that Adobe allegedly breached, to continue to include Berthold typefaces, by its own admission is not within the four corners of the contract. Illinois uses in general a "four corners" rule in the interpretation of contracts. *Bourke v. Dun &*

*Bradstreet,* 159 F.3d 1032, 1036 (7th Cir. 1998). When there is no ambiguity, contract terms must be determined "from the language of the [contract] alone." *Flora Bank & Trust v. Czyzewski,* 583 N.E.2d 720, 725 (Ill. App. Ct. 1991). Moreover, when an unambiguous contract is fully integrated, extrinsic evidence is not considered. *See Air Safety, Inc. v. Teachers Realty Corporation,* 706 N.E.2d 882, 884-86 (Ill. 1999).

Berthold admits that the term requiring Adobe to continue to include its typefaces is not in the contractual language and that the 1997 agreement is fully integrated. Nevertheless, Berthold, arguing that this transaction involves a UCC Article 2 sale of goods, wants me to read this term into the contract from the course of dealing between the parties. *See Scott v. Assurance Co. of America,* 625 N.E.2d 439, 443 (Ill. App. Ct. 1994)(Even without ambiguous language, a course of dealing between the parties is admissible to explain, supplement, or add to the agreement, but not contradict a written contract.).

However, the UCC does not apply to this transaction because it involves only granting a license and not a sale of goods. A transaction involving a computer program can involve an Article 2 sale of goods, *see Analysts Int'l Corp. v. Recycled Paper Products,*

*Inc.*, No. 85 C 8637, 1987 WL 12917, at *2 (N.D. Ill. June 19, 1987) (unreported case)), but an agreement that does not involve a transfer of title cannot be an Article 2 sale in Illinois. "A 'sale' is defined as 'the passing of title from the seller to the buyer for a price.'" *Lukwinski v. Stone Container Corp.*, 726 N.E.2d 665, 668 (Ill. App. Ct. 2000)(*citing* 810 ILCS 5/2-106(1)). A pure license agreement, like the 1997 agreement, does not involve transfer of title, and so is not a sale for Article 2 purposes.

Berthold invokes *Capitol Converting Equipment, Inc. v. LEP Transport, Inc.*, 965 F.2d 391, 395 n.5 (7th Cir. 1995), which appears to apply the notion of course of dealing outside the Article 2 context. In Illinois, however, a course of dealing will not "be applied to contravene an established rule of law," *Vermilion County Production Credit Assoc. v. Izzard*, 249 N.E.2d 352, 355 (Ill. App. Ct. 1969), and the "four corners" rule is such an established rule here. *See Air Safety*, above. Samuel Goldwyn once said that "An oral contract isn't worth the paper it's written on." If I were allow Berthold to argue its way past plain language and and integration clause, neither would a written contract.

Berthold's Lanham Act count is based on the idea that Adobe's advertising conveys a false or misleading impression in context,

see *Abbot Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 13 (7th Cir. 1992)(Lanham Act prohibitions), here, that the Library still contains Berthold typefaces, by using the phrase "Adobe Type Library." What Adobe sells is in fact the Adobe Type Library, as advertized, but Berthold's argument is that people will be mislead into thinking that the Library must still contain Berthold typefaces because it once did. Berthold alleges that "the common understanding in the relevant market is that the Adobe Type Library includes the Berthold typefaces."

Under this theory, the only way that Adobe could avoid Lanham Act liability would be to prominently post on Library software some warning notice to the effect that "This product no longer contains Berthold typefaces." Generalized, this would in effect require any seller of software bundles or any bundles of intellectual property, such as a book catalog, the contents of which change from time to time but which are widely understood to contain certain items, to prominently post all changes, advertising which products it no longer contains. Otherwise there would be litigation about which items it is commonly understood that it does contain every time an item was dropped. That is a *reductio*.

Berthold's fraud allegations fail to state a claim because Berthold does not allege that Abode or its representatives engaged

-5-

in any fraud or deception. Illinois statute bans "any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon [it]." 815 ILCS 510/2. Both under the statute and with common law fraud, one element to be proved is that "the party making the statement must know or believe it to be untrue." *Tague v. Molitor Motor Co.*, 487 N.E.2d 436, 438 (Ill. App. Ct. 1985). But Berthold alleges only that Adobe or its representatives "represent to Adobe's customers that Berthold sells Adobe font software containing the Berthold typefaces at a higher price than Adobe sells or sold the same typefaces," and that this is not true. Berthold does not allege that Adobe knew the statement was untrue or intended to misrepresent anything to anyone. In analyzing this motion, I must assume that Adobe did convey this misinformation to its customers, but stating something that is untrue is not fraud or a deceptive trade practice if it is unwitting and innocent, and Berthold does not say that it was not.

In its second amended complaint, Berthold drops its claim of unjust enrichment made in the first amended complaint, so I dismiss this count by consent of all parties.

Adobe's motion to dismiss Count I (breach of contract), Count II (false and misleading advertising), Count III (fraud, deceptive trade and business practices), and Count IV (unjust enrichment) of the plaintiff's first amended complaint is GRANTED, and the complaint is DISMISSED without prejudice. Berthold's motion to file a second amended complaint is GRANTED as to Count IV only (the intentional interference with contract claim). Counts I-III in the second amended complaint are identical with those in the First Amended Complaint, and so have already been dealt with.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 12, 2000

Copies are being mailed to:

Douglas N. Masters  
Pattishall, McAuliffe, Newbury,  
 Hilliard & Geraldson  
311 S. Wacker Drive, #5000  
Chicago, IL  60606

Attorney for Plaintiff

James A. McGurk  
Attorney at Law  
140 S. Dearborn Street, #411  
Chicago, IL  60603

Robert A. Filpi  
Stack, Filpi & Kakacek  
140 S. Dearborn Street, #411  
Chicago, IL  60603

Attorneys for Defendant