# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1490 | **DATE** | 8/1/2001 |
| **CASE TITLE** | Berthold vs. Adobe | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order dismissing count IV with prejudice. The parties will pay their own attorneys' fees. Plaintiff's motion for a stay is denied as moot. Response to defendant's motion for fees is due by 8/22/01; and any reply by 9/4/01. Ruling set for 10/5/01 at 10:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 2 2001 | 56 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG -1 PM 5:00 | 8/1/2001 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**BERTHOLD TYPES LTD.**, an )
Illinois corporation, )
)
    Plaintiff, )
)
v. ) No. 00 C 1490
)
**ADOBE SYSTEMS, INCORPORATED**, a )
Delaware corporation, )
)
    Defendant. )

**DOCKETED**

AUG - 2 2001

## MEMORANDUM OPINION AND ORDER

On remand from the Seventh Circuit, I consider the parties' requests that I dismiss the intentional interference with contract claim of Berthold Types Ltd. ("Berthold") against Adobe Systems, Inc. ("Adobe") that appears in Count IV of the second amended complaint. The parties have reached a settlement on the claim in Count IV in a parallel case, *Adobe Sys. Inc. v. Freydank, Körbis, Pillich, Talke GbR*, No. 00 C 4965, slip op. (N.D. Ill. Apr. 18, 2001) (Lindberg, J.), and both agree that Count IV should be dismissed with prejudice as *res judicata*. There are two remaining questions: the proper procedural vehicle for dismissal, and the propriety of an award of fees and costs to Adobe.

After consideration of my dismissal of Counts I-III and denial of fees and costs, the Seventh Circuit remanded this case and directed me to "resolve the wrongful-interference claim on the merits, unless that claim is dismissed under authority other than

56

Rule 41(a)(1)(i)." *Berthold Types Ltd v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). The Court noted that "Rule 41(a)(1)(i) does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action' . . . ." *Id.* Here the parties request dismissal by order of court under Rule 41(a)(2), which also provides for dismissal of an "action" as opposed to a "claim." The Seventh Circuit has repeatedly and recently affirmed the use of this rule to voluntarily dismiss individual claims. *See Chavez. v. Illinois State Police*, 251 F.3d 612, 654 (7th Cir. 2001) (individual claims dismissed pursuant to Rule 41(a)(2)); *Production & Maint. Employees' Local 504 v. Roadmaster Corp.*, 954 F.2d 1397, 1402 (7th Cir. 1992) (dismissal of remaining claims under Rule 41(a)(2) after grant of partial summary judgment); *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1233 (7th Cir. 1983) (Rule 41(a)(2) dismissal of individual defendant pursuant to partial settlement). I originally dismissed the claims in Counts I-III, though the Seventh Circuit held that I *de facto* converted to motion to one for summary judgment.[1] In any event, those claims have been disposed

---

[1] The Seventh Circuit's decision apparently changed the law with regard to this issue in this circuit. Before the decision in this case, I had thought it settled that when a plaintiff repeatedly referred to a contract in its complaint, and its terms were central to the allegations of the complaint, a defendant could attach the contract to its motion under Fed. R. Civ. P. 12(b)(6) and the court could consider it on a motion to dismiss. *E.g., Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *Duferco Steel Inc. v. M/V Kalisti*, 121 F.3d 321, 324 n.3 (7th Cir. 1997); *Wright v. Assocs. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *Ed Miniat, Inc. v. Globe Life Ins.*

2

of on their merits, and all that remains of Berthold's "action" is Count IV, so I dismiss it with prejudice under Rule 41(a)(2).

Adobe asks that all questions regarding attorneys' fees be reserved for consideration by the court pursuant to the order of remand of the Court of Appeals, but no award of fees on Count IV was before the Seventh Circuit.[2]

Ordinarily, each party bears its own attorneys' fees unless there is (1) statutory authority for fee-shifting or (2) a contractual agreement between the parties. *Harter v. Iowa Grain Co.*, 220 F.3d 544, 557 (7th Cir. 2000). Here there is no applicable fee-shifting statute, but the 1998 typeface license agreement ("1998 contract") that was the subject of Count I of Berthold's complaint provides that "[i]n the event of any suit, action or proceeding in connection with this Agreement, the prevailing party in such proceeding shall be entitled to receive its costs . . . and reasonable attorneys' fees . . . ." I initially denied an award of fees on Counts I-III,[3] but the Seventh Circuit has instructed me to

---

*Group, Inc.*, 805 F.2d 732, 739 n.12 (7th Cir. 1986). *See also* 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327 at 762-63 (2d ed. 1990).

[2] Adobe represents that it had no costs associated with Count IV and therefore agrees that count IV should be dismissed without costs. (Defendant's Response to Plaintiff's Motion to Bifurcate ... at 2.)

[3] As the Seventh Circuit noted, I unfortunately did not state a reason, and Adobe ordinarily would be entitled to fees under the contract. As I remember, I did not order fees because I believed Adobe had abused the court process in arguing first that it was

3

"determine, and award, the legal expenses reasonably incurred in defending the aspects of this litigation that arose 'in connection with' the 1998 contract." *Berthold*, 242 F.3d at 777. Berthold claims that Adobe is also seeking fees on Count IV, and asks me to stay the Local Rule 54.3 procedures pending a determination that Adobe is entitled to fees on the tortious interference claim.

Count IV alleges that Adobe interfered with a 1999 settlement agreement between Berthold and Freydank Körbis Pillich Talke GbR ("FKPT"), the defendant in Adobe's declaratory judgment action before Judge Lindberg. Whether Count IV falls under the 1998 contract's fee-shifting provision is a question of contract interpretation. *Harter*, 220 F.3d at 559. Adobe argues that the relevant provision of the 1998 contract refers to "actions" rather than "claims," and Count IV is part of a suit or action in connection with the 1998 contract, so it is therefore entitled to fees on the entire action and the individual claims cannot be "parsed." Under the permissive joinder regime of Fed. R. Civ. P. 18, that would mean that Adobe would be entitled to fees for *any* claim that Berthold had against Adobe and had the misfortune to join in one complaint. The effect would be to render meaningless the plain language of the contract, which requires that the action

---

moving to dismiss and later arguing that its motion was actually one for summary judgment when it well knew it had properly been decided, as requested by it, under Rule 12(b)(6). But the Seventh Circuit decided otherwise.

4

arise "in connection with" the 1998 contract, so this cannot be the proper interpretation. *See Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 368 (Ill. 1998).

H. Berthold AG had a 1990 licensing agreement with Adobe, to which FKPT became the successor, and Berthold then succeeded to the interests of FKPT. Under the 1999 settlement agreement between Berthold and FKPT, FKPT agreed not to pursue any claims that it had under the 1990 agreement and to allow Berthold to use its best efforts to collect directly from Adobe. Berthold alleged in Count IV that Adobe contacted FKPT to negotiate a resolution of the claims on the 1990 agreement, and that FKPT breached the 1999 settlement agreement as a result. In the 1998 contract, Berthold agreed to release any claims, known or unknown, arising before the effective date of the 1998 contract. Adobe asserts that, because its defense was based on the general release in the 1998 contract, Count IV arose "in connection with" the 1998 contract.

Fee-shifting provisions are construed strictly. *Harter*, 220 F.3d at 559. For example, where a fee-shifting clause provides for attorneys' fees incurred in collection of a debt, the clause is exclusive, and a party may not collect fees incurred in a declaratory judgment action. *Zimmerman v. First Prod. Credit Ass'n*, 412 N.E.2d 216, 217-18 (Ill. App. Ct. 1980). In contrast, broad language such as "in connection with any dispute as to the debt" has been interpreted to include breach of contract and fraud

5

claims, not merely default actions. *Petkus v. St. Charles Sav. & Loan Ass'n*, 538 N.E.2d 766, 769 (Ill. App. Ct. 1989). Here, as Adobe points out, the contract speaks of a "suit, action or proceeding", but it does not mention defenses or arguments. I cannot read the plain language of the contract to say that a suit or action is "in connection with" the contract because of a defense raised by Adobe.

Likewise, in construing federal statutory jurisdictional requirements, the Supreme Court has interpreted the language "actions arising under" federal law to exclude cases stating a claim for a state cause of action for which a federal *defense* may exist. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983). The Seventh Circuit interpreted the 1998 contract language "[i]n the event of any suit, action or proceeding in connection with" the 1998 contract to mean "*arising from* [the 1998] contract," 242 F.3d at 776 (emphasis added), so the reasoning is applicable here. That being so, the fee-shifting provision applies only to causes of action brought on the contract, not to ones in which a party merely asserts a defense based on the contract.

Moreover, I must give effect to each clause and word used, and I must avoid interpretations that render terms meaningless or "surplusage." *Hufford v. Balk*, 497 N.E.2d 742, 744 (Ill. 1986). It would nullify the requirement that the action arise "in

connection with" the 1998 contract to include non-contract cases in which one party raises the 1998 contract as a defense. This would allow a party to invoke the fee-shifting provision in any type of case merely by raising a defense based on the contract. It is conceivable that it would make a difference if the defense were meritorious, but I cannot decide that here, because I do not reach the merits of Count IV or Adobe's contract defense.[4] Because Count IV did not arise "in connection with" the 1998 contract, I need not determine whether Adobe is a "prevailing party" for the purposes of the contract.

Finally, I consider whether, independent of the fee-shifting provision of the 1998 contract, attorneys' fees are a proper term or condition of dismissal under Rule 41(a)(2). The purpose of awarding fees for a voluntary dismissal under Rule 41(a)(2) is to compensate the defendant for the unnecessary and potentially duplicative expenses of the litigation. *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) (statutory fee-shifting), cited in 9 Wright & Miller, *Federal Practice & Procedure: Civil 2d* § 2366, at 306 n.9. Fees are usually awarded for a dismissal without prejudice because the defendant may be forced to defend the claim

---

[4] However, I note that, while in the settled lawsuit before Judge Lindberg, Adobe asserted that it was not liable for intentional interference with Berthold's contract because of the general release in the agreement between Adobe and Berthold or because it was privileged to settle with FKPT, the holder of the claim. The stipulated order of dismissal in the case before Judge Lindberg states only that Adobe's conduct was privileged.

7

again. *Id.* However, "[f]ees are not awarded when a plaintiff obtains a dismissal *with prejudice* because the 'defendant cannot be made to defend again.'" *Id.* Count IV is DISMISSED with prejudice. The parties will pay their own attorneys' fees. Berthold's motion for a stay is DENIED as moot.

ENTER ORDER:

_____
Elaine E. Bucklo
United States District Judge

Dated:   August 1, 2001