# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1490 | **DATE** | 1/16/2002 |
| **CASE TITLE** | Berthold Types Ltd. vs. Adobe Systems, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's petition for attorneys' fees and costs is granted in part and denied in part. Adobe is awarded $74,903.90 in attorneys' fees and $356.30 in costs. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

2
number of notices

date docketed

docketing deputy initials

1/16/2002
date mailed notice

**Document Number**

1

MPJ
courtroom deputy's initials

FILED-SDO

02 JAN 16 PM 5: 17

Date/time received in central Clerk's Office

MPJ
mailing deputy initials

DOCKETED
JAN 1 7 2002

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BERTHOLD TYPES LTD.,** an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 00 C 1490 |
| | ) |
| **ADOBE SYSTEMS, INCORPORATED,** a Delaware corporation, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

On remand from the Seventh Circuit, Adobe Systems, Inc. ("Adobe") seeks attorneys' fees and costs from Berthold Types, Ltd. ("Berthold") under a contractual fee-shifting agreement. Berthold sued Adobe for breach of contract (Count I), false and misleading advertising under the Lanham Act, 15 U.S.C. § 1051 *et seq.* (Count II), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2 (Count III), and tortious interference with contract under Illinois law (Count IV). All four claims have been resolved, and the parties have submitted a joint statement pursuant to Local General Rule 54.3. Berthold does not dispute Adobe's claim for $356.30 in costs. Adobe's petition for attorneys' fees and costs is granted in part and denied in part.

I.

Berthold and Adobe entered into a Typeface Licensing Agreement

("Agreement") that contained the following provision:

> 7.10. Attorney[s'] Fees. In the event of any suit, action or proceeding in connection with this Agreement, the prevailing party in such proceeding shall be entitled to receive its costs, expert witness fees and reasonable attorneys' fees, including costs and fees on appeal.

Adobe's fee petition seeks fees for all four counts, but on August 2, 2001, I determined that Count IV did not "arise in connection with" the Agreement, and held that Adobe was not entitled to fees for work related to Count IV. *See Berthold Types Ltd. v. Adobe Sys., Inc.*, 155 F. Supp. 2d 887, 891 (N.D. Ill. 2001).

I dismissed Counts I through III on the merits and denied attorneys' fees under the contract. Adobe appealed, and the Seventh Circuit held that, because Adobe attached materials outside the complaint to the motion to dismiss and I did not exclude them (although as a matter of fact I did not consider them in making my determination), I had actually granted summary judgment on Counts I through III. It remanded for a determination of attorneys' fees. *See Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 774 (7th Cir. 2001). Berthold challenges an award of fees for work on Count III, arguing that Adobe was not the "prevailing party" because I could not possibly have reached the merits of the claim based on the Agreement, which was attached to Adobe's first motion to dismiss, and because the Seventh Circuit did not address Count III. This is not correct. Although I dismissed Count III without prejudice, the Seventh Circuit held that "the state-law statutory

2

claim, which might have been amended to pass muster under Rule 9(b), was not amended, and so it too has been conclusively resolved in Adobe's favor." 242 F.3d at 776. Therefore Adobe is the prevailing party, so the only remaining question is whether Count III arose "in connection with" the Agreement.

Fee shifting provisions are construed strictly, *see Harter v. Iowa Grain Co.*, 220 F.3d 544, 559 (7th Cir. 2000), but broad language such as "in connection with any dispute as to the debt" has been interpreted to include lawsuits ranging from default actions to contract and fraud claims. *Petkus v. St. Charles Savs. & Loan Ass'n*, 538 N.E.2d 766, 769 (Ill. App. Ct. 1989). The Seventh Circuit held that Counts I and II arose "in connection" with the Agreement, 242 F.3d at 776, and Berthold argues that its claim under the ICFA (Count III) "was in no way connected" with its contract and Lanham Act claims in Counts I and II. Resp. at 27. However, Count III merely re-alleged paragraphs one to thirty-one of the contract claim, and added allegations that Adobe's actions damaged Berthold and constituted deceptive trade practices and consumer fraud. Berthold argues that it could have brought its ICFA claim even if Adobe had never ceased marketing the Berthold typefaces (*i.e.*, if Berthold had never breached the contract). That may be true, but it is irrelevant here; if a party has two claims arising out of the same facts, it need not bring both for one claim to arise in connection with the other. I held that Count

3

IV did not arise "in connection with" the Agreement because it involved allegations of interference with an entirely different agreement. 155 F. Supp. 2d at 891. It is conceivable that Berthold could have brought a claim against Adobe for deceptive trade practices that was completely unrelated to a breach of the Agreement, but it did not do so here. The operative facts in Count III are identical to the contract claim in Count I, so it arose "in connection with" the Agreement.

## II.

Where parties to a private contract agree to an award of reasonable attorneys' fees to the prevailing party, the scope of my inquiry into the reasonableness of the fees is more limited than in statutory fee-shifting cases. *See Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 520 (7th Cir. 1999); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996); *Zeidler v. A & W Restaurants, Inc.*, No. 99 C 2591, 2001 WL 561367, at *2 (N.D. Ill. May 21, 2001) (Kennelly, J.). In civil rights cases, statutory fee-shifting encourages plaintiffs to bring meritorious suits to enforce their rights. Even losing plaintiffs will not have to pay fees so long as the suit was not frivolous. *Vukadinovich v. McCarthy*, 59 F.3d 58, 61-62 (7th Cir. 1995). Vigorous review of statutory fee petitions is necessary to promote these objectives. However, where the parties bargain at arm's length for an attorneys' fees provision as part of

4

a contract, I need only ensure that the parties get what they bargained for.

Medcom and Balcor involved indemnification clauses, and Berthold argues that they are distinguishable on that basis. The significance of indemnity in those cases was the identity of the payor, see Balcor, 73 F.3d at 153, and whether attorneys' fees should exclude overhead costs, see Medcom, 200 F.3d at 520. Neither issue is raised in this case. In both cases, however, the court indicated that, under a contractual fee-shifting provision, payment of the attorneys' bills by the client was persuasive evidence that the fees were reasonable. Id.; Balcor, 73 F.3d at 153. Of course, payment of the bills is only the starting point of the analysis; I still must determine whether the fees paid were reasonable in light of other evidence. See Zeidler, 2001 WL 561367 at *3. But I need not engage in "a detailed, hour-by-hour review after the fashion of a fee-shifting statute." Medcom, 200 F.3d at 521. Instead, I "undertake[] an overview of [Adobe's] aggregate costs to ensure that they were reasonable in relation to the stakes of the case and [Berthold's] litigation strategy." Id.

A.

Berthold has numerous objections to the reasonableness of Adobe's request for fees. First, it objects to the billings of William Gaede and Michael Lisi of Cooley Godward LLP in San Francisco because they are not admitted to practice in Illinois and

5

never filed applications for *pro hac vice* admission in the Northern District of Illinois for this case. Berthold argues that attorneys not licensed to practice in Illinois cannot receive compensation for legal services. In support of this genuinely remarkable proposition, unwarranted by existing law and unsupported by a good faith argument for the extension or reversal of such law, Berthold cites 705 ILCS 205/1 ("No person shall receive compensation directly or indirectly for any legal services other than a regularly licensed attorney.") and *Lozoff v. Shore Heights, Ltd.*, 362 N.E.2d 1047 (Ill. 1977). In *Lozoff*, the Illinois Supreme Court interpreted § 205/1 to prohibit a Wisconsin attorney, not licensed in Illinois, to recover for legal services provided in the negotiation of a land sale contract in Illinois, and held that the attorney had engaged in the practice of law in Illinois. *Id.* at 1048-49. However, all of the parties involved in the contract negotiation, except the attorney seeking fees, were from Illinois, and the court "recognize[d that] there are transactions involving parties and attorneys from more than one State which would require a result different from today's holding." *Id.* at 1049. Here, Adobe is a Delaware corporation with its principal place of business in California, and both Gaede and Lisi are licensed to practice in California, and Berthold has not identified any legal services provided by Gaede or Lisi *in Illinois*. Section 205/1 does not bar recovery of attorneys' fees for their work in California

6

simply because it relates to a case pending in federal court in Illinois.[1]

Nor is failure to file an appearance or gain *pro hac vice* admission in impediment to collecting attorneys' fees. Local General Rule 83.12 does not require membership in the Illinois bar, and membership in the general bar of the Northern District of Illinois is only necessary if an attorney enters an appearance, files pleadings, motions or other documents, signs stipulations, or receives payment upon judgments, decrees or orders. The billing records do not indicate that Gaede or Lisi performed any of these functions, so *pro hac vice* admission was not required. Berthold's claim that it could not have foreseen that it would be liable for fees from Illinois *and* California attorneys in light of the relative lack of complexity of this case is not credible. Berthold is a sophisticated company that entered into a contract with a large California corporation, which it chose to sue in Illinois. It

---

[1] The other cases cited by Berthold are distinguishable. *Birbrower, Montalbano, Condon & Frank, P.C. v. Superior Court of Santa Clara County*, 949 P.2d 1 (Cal. 1998), involved unauthorized practice of law by New York lawyers in California state courts for a California client. *Id.* at 2-3. The Court also noted that the California unauthorized practice statute "does not regulate practice before United States courts. Thus an out-of-state attorney engaged to render services in [federal] proceedings was entitled to collect his fee." *Id.* at 6. *Z.A. v. San Bruno Park School District*, 165 F.3d 1273 (9th Cir. 1999), held that an out-of-state attorney could not collect attorneys' fees under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(e)(4)(B), for representation of a California client in California state administrative proceedings. *Id.* at 1274.

was foreseeable that Adobe would engage local counsel in addition to its regular California attorneys.

Finally, Berthold argues that the Cooley Godward attorneys were acting as clients or general counsel rather than as attorneys because Gaede was only involved sporadically and that ten of his thirteen time entries include telephone conversations. Gaede billed only 14.5 hours, mostly at the beginning of the case, though it is evident from the records of the other attorneys that he was involved in many more conferences than he billed. He is not transformed from attorney into client or general counsel merely because he supervised work over the telephone.

Berthold also objects to the hourly rates for Gaede ($385) and Lisi ($260) as unreasonable. It cites *Connolly v. National School Bus Service, Inc.*, 177 F.3d 593 (7th Cir. 1999), for the proposition that "[i]n calculating the market rate, 'the burden is on the fee applicant to produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community.'" *Id.* at 596. In *Connolly*, the court relied on the market rate because the attorney's actual billing rate was not known. *Id.* Here the actual rate is known; Adobe paid the bills for Gaede's and Lisi's work at the rates provided, without reduction. Adobe's Ex. D, ¶ 3. Nevertheless, the market rate, or what clients are willing to pay, is "the best guarantee of reasonableness." *Balcor*, 73 F.3d at 153.

8

Berthold objects that Adobe has not met its burden of demonstrating the reasonableness of Gaede's and Lisi's hourly rates because it has come forward only with Gaede's affidavit stating that the hourly rates charged are "reasonable and customary rates charged in San Francisco." However, there is more: Adobe's payment of the bills is evidence that Cooley Godward was charging a reasonable, market rate. *Id.*

The only evidence that Cooley Godward's hourly rates were unreasonably high is that Berthold's Chicago attorneys charged less. In *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760 (7th Cir. 1982), the Seventh Circuit held that the district court had abused its discretion by concluding as a matter of law that fees for out-of-town counsel were capped at the customary rate in the locality where the case was pending. *Id.* at 768-69. Instead, the court should consider a number of factors, including the customary rate in the locality where the services were rendered, whether like services were available in the locality where the case was pending, and whether the party engaging out-of-town counsel acted reasonably in choosing non-local attorneys. *Chrapliwy* was a statutory fee-shifting case, but the factors are relevant to a determination of a reasonable fee for out-of-town counsel in this case. Chicago is certainly a sophisticated legal market, and Adobe could have, and indeed did, engage capable local counsel. But Berthold sued Adobe, a California corporation, in Illinois. Adobe is a "major client"

of Cooley Godward, Adobe Ex. D, ¶ 2, and under the circumstances it was not unreasonable for Adobe to engage a law firm it retains in California for assistance with an Illinois law suit. Adobe has met its burden of demonstrating that the hourly rates charged by Cooley Godward were reasonable, and Berthold has not rebutted the evidence. *Cf. Connolly*, 177 F.3d at 597 (Party opposing fee award demonstrated that hourly rates charged were unreasonable by submitting multiple affidavits of attorneys with similar experience stating that rates "greatly exceeded the rates those attorneys would ordinarily charge in similar cases.").

Berthold also objects that Adobe's attorneys billed at an attorney's rate for "paralegal work" such as cite-checking. Although it may be more efficient to use paralegals for cite-checking and proofreading, it is not unreasonable for an attorney to perform these tasks. "[T]hese are crucial functions and therefore reasonable expenditures of time." *Ragsdale v. Turnock*, No. 85 C 6011, 1995 WL 115527, at *7 (N.D. Ill. Mar. 14, 1995) (Nordberg, J.), *aff'd* 94 F.3d 647, Nos. 95-2256, 95-2320, 1996 WL 449201, at *6 (7th Cir. Aug. 6, 1996). Here two attorneys billed approximately twenty hours to cite-checking and proofreading, most of which is attributable to the appeal. That is not unreasonable.

Berthold's next general objection is that Adobe's attorneys billed "excessive, redundant, and otherwise unnecessary" hours. Starting from the premise that Adobe actually paid the bills and

therefore must have thought the work reasonably necessary, *see Balcor*, 73 F.3d at 153, I need not engage in a detailed, hour-by-hour review of Adobe's billing records, *see Medcom*, 200 F.3d at 521. Berthold argues that the amount of research and drafting done by Berthold's attorneys cannot be justified in light of the relative simplicity of the issues in the case, the relatively minimal value of the case, and Adobe's "legal maneuvering." The claim of legal maneuvering cuts both ways. This was a relatively straightforward contract case, but Berthold amended its complaint twice, and, after Adobe had filed two separate motions to dismiss, Berthold sought voluntary dismissal of all of its claims. Adobe moved to dismiss Counts I to III under Fed. R. Civ. P. 12(b)(6), and in a footnote in reply, Adobe says that it "has never argued otherwise." However, Adobe argued before me, in its motion to strike Adobe's notice of dismissal as defective, that the motion was actually one for summary judgment, thereby making Berthold's voluntary dismissal untimely. I disagreed, and Adobe argued the same point to the Seventh Circuit, which ultimately agreed with Adobe. The propriety of Berthold's voluntary dismissal was the main issue on appeal, and both parties had a hand in raising it.

As to the value of the claim, Berthold estimates that Adobe valued the claim at roughly $250,000, including the $207,481 it paid out as a settlement of the claims raised in Count IV, $10,000 in contract damages, and $20,000 in costs to restore the Berthold

11

typefaces to the Adobe library. However, the complaint also sought treble damages for deceptive and unfair trade practices, and, if successful, would have required Adobe to surrender control over the contents of its library because Berthold was arguing that Adobe was required to retain every licensed typeface in its library. Berthold also objects that, after reducing fees for work on Count IV, it spent only $33,576 on attorneys' fees, Berthold Ex. 6, compared to Adobe's $99,106.72, Reply at 6. Although a comparison in costs is relevant, see *Medcom*, 200 F.3d at 521, it is not conclusive. Adobe had the burden of persuasion in nearly all of the motions filed in this case, and I will not punish it for trying to dispose of Berthold's claims before costly discovery.

Berthold claims that Adobe's attorneys spent an unreasonable amount of time on research, review and revision of each other's work. Another court in this district has held that a party could not charge time for review and supervision of one partner's work by another partner. *See Cooke v. Stefani Management Services, Inc.*, No. 98 C 7604, 2000 U.S. Dist. LEXIS 11565 (N.D. Ill. Jul. 25, 2000) (Coar, J.). But *Cooke* was a statutory fee-shifting case, *id.* at *1, and there was no indication that the plaintiff actually paid his lawyer's bills. Here Adobe paid the bills, which is evidence that the time spent was reasonable. *Balcor*, 73 F.3d at 153. Berthold merely alleges that the research was "superfluous" and "excessive" and that the attorneys duplicated each other's work,

but mere allegations are insufficient to overcome Adobe's evidence of reasonableness. *See Olander v. Bucyrus-Erie Co.*, 187 F.3d 599, 608 (7th Cir. 1999) ("Normally one bald assertion is as good as another--but not when one party carries the burden of persuasion that the other party's determination was unreasonable.").

Berthold points to "otherwise unnecessary time" that should be excluded: 3.2 hours on an agreed motion to extend time to answer or otherwise plead, and 7.1 hours for research and revision of an inter-office memorandum. According to my count, the time spent on the agreed motion totaled 2.1 hours, and included telephone calls and letters to opposing counsel. This is not facially unreasonable. Berthold does not explain why the time billed for the inter-office memorandum is excessive, except to point out that Lisi had already billed fourteen hours for researching and drafting the same memorandum. Perhaps this was the decisive research for the motion to dismiss. Absent a more concrete objection, where the client has paid the bill without complaint, I cannot conclude that it is unreasonable to bill for that time.

Nevertheless, some reductions in Adobe's request are in order. Berthold argues that Adobe's attorneys engaged in unnecessary "multi-conferencing." Attorney conferences are not inherently unbillable, *see Ragsdale v. Lumpkin*, 94 F.3d 647, No. Nos. 95-2256, 95-2320, 1996 WL 449201, at *6 (7th Cir. Aug. 6, 1996), but, even though Adobe paid the bills without objecting, I will not allow

Adobe to recover for conferences where no subject matter is identified in the bills, because there is no evidence that the conferences were necessary or related to this litigation. *See id.* Therefore, I reduce Gaede's hours by 1.2 (3/17/00 and 3/29/00), Lisi's by 0.5 (4/14/00), and McGurk's by 1.0 (3/17/00) for a total reduction of $817.00.

B.

There are two final objections that relate not to the reasonableness of the fees, but to time that cannot be recovered under § 7.10 of the contract: time spent on other cases related to this litigation, and time related to Count IV. Adobe agreed to some reduction of time (7.5 hours) for unrelated time, but upon review of the records, I conclude that an additional reduction is in order where the connection of the work on the other case to this case is not clear. For example, I have not reduced the time spent for reviewing Berthold's admissions in the case before Judge Lindberg because they were relevant to Adobe's argument in this case that Count IV was barred by *res judicata*. However, I have eliminated the hours for preparation of the complaint in the declaratory judgment action. Accordingly, I reduce Gaede's hours by 1.5 (5/15/00), Lisi's by 1.8 (0.5 on 5/15/00, 0.5 on 7/11/00, 0.3 on 7/14/00, 0.5 on 8/10/00), Stack's by 5.0 (0.5 on 6/2/00, 1.0 on 8/9/00, 0.5 on 8/10/00, 1.0 each on 8/28/00, 8/31/00, 11/14/00), Filpi's by 1.1 (10/31/00), and McGurk's by 5.0 (0.5 on 8/9/00, 0.5

on 8/10/00, 1.0 on 8/11/00, 3.0 on 8/12/00) for a total reduction of $3453.00.

Finally, I eliminate all time related to Count IV.  *See* 155 F. Supp. 2d at 891.  I begin by noting that there is a discrepancy in the total number of hours requested by Adobe.  In the Local Rule 54.3 Joint Statement, Adobe claimed that it was seeking fees for 481.75 hours of work[2].  Berthold's calculations in response indicate that Adobe is seeking 534.45 hours, and the hours listed in Adobe's reply add up to 540.30 hours.  No explanation is offered for these discrepancies, so I resolve them against Adobe and hold it to its original claim of 481.75 hours.  However, Adobe's tables in its reply provide the clearest breakdown of hours spent by each attorney, so I make my reductions for Count IV based on Adobe's reply tables, but I will adjust the final numbers down by 12% to correct for the discrepancy for the hours claimed by Adobe in the Joint Statement and its reply.

In reply, Adobe breaks the billing down into five time periods: (1) March 15, 2000 through June 6, 2000 (prior to any work on Count IV); (2) June 7, 2000 through July 27, 2000 (review of Order of June 12, 2000, and briefing of Count IV); (3) August 9, 2000 through August 24, 2000 (Rule 59(e) motions); (4) August 25,

---

[2] I arrive at this figure despite two errors by Adobe: it mistranscribed the time for Gaede (it should have been 14.5, not 4.5), and it failed to adjust the total hours to reflect the changes (from 490.05 to 481.75), though it did adjust the total dollars claimed.

2000 through February 16, 2001 (appeal); and (5) February 17, 2001 through July 3, 2001) (remand). *See* Appendix. The parties agree that no reductions are necessary for Period 1, but I reduce the total hours by 12% to 183.14 hours, or $45,815.40. Berthold claimed that all hours between June 7, 2000 and the appeal (Periods 2 and 3) should have been excluded as related to Count IV, but Adobe's Rule 59(e) motions, which did not relate solely to Count IV, were drafted and filed during Period 3. Accordingly, I eliminate all of the time in Period 2, except for 1.8 hours by McGurk and 2.75 hours by Stack, which Adobe says were related to Counts I through III. Adobe's recovery for Period 2 is reduced to 4.55 hours, minus 12% for a total of 4.0 hours, or $900.00. Adobe argues that it is entitled to recover for all of the time in Period 3, except for 3 hours by McGurk, because the Rule 59(e) motions regarding the voluntary dismissal was a procedural issue that influenced all of the issued in the case. Nevertheless, Adobe offers to reduce the time spent during Period 3 by one-third to reflect the time devoted to Count IV procedural issues. This is a reasonable suggestion, which I adopt. In addition to the three hours by McGurk, I will reduce all attorney's hours by one third to 34.6 hours and an additional 12% for a total of 30.45 hours, or $7,482.05.

On appeal, both parties compute the time dedicated to Count IV by a count of pages in the appellate briefs. I question whether this is the most intuitive or accurate method of computing time (a

16

clear and concise memorandum may well be much more time intensive and far more effective than one that is disorganized and prolix), but neither party has offered an alternative method. Berthold suggests a 40% reduction, and Adobe counters with 25%. By my own count of the pages in Adobe's appellate briefs devoted to Count IV, the hours in Period 4 should be reduced by 38%. Thus Adobe may recover fees for 82.61 hours, further reduced by an additional 12%, see above, to 72.7 hours, or $16,408.95.

Finally, on remand, Adobe originally sought 52.7 hours. Berthold suggests that 35.8 hours were attributable to Count IV, but Adobe says only 17.7 of those hours should be excluded. The balance of the 35.8 hours identified by Berthold are so-called "block" entries, where more than one task is listed for a time period, which include matters related to Count IV. Adobe has not identified the portion of that time attributable to Count IV. "Block" billing is not per se unreasonable in a contractual fee-shifting case. *See Medcom*, 200 F.3d at 520. But the question here is not whether Adobe would have paid the "block" bills if it had known it had to cover the outlay; instead I must determine whether Adobe has adequately demonstrated the amount of time not devoted to Count IV. I cannot determine this from the block billings, so I exclude an additional 13.3 hours (0.6 on 5/14/01; 0.2 on 5/15/01; 2.5 on 6/12/01; 3.1 on 6/13/01; 1.0 on 6/14/01; 2.5 on 6/19/01; and 3.4 on 6/27/01). I reduce the remaining 21.7 hours that clearly

did not involve Count IV by 12%, for a total of 19.1 hours, or $4,297.50.

Adobe is awarded $74,903.90 in attorneys' fees and $356.30 in costs. Berthold is ordered to pay $75,260.20 to Adobe.

ENTER ORDER:

_Elaine E. Bucklo_

Elaine E. Bucklo
United States District Judge

Dated: January 16, 2002

# APPENDIX

## Period 1: Pre-Count IV

| Attorney | Hours claimed | Unidentified Conferences | Unrelated case | Count IV | Adjusted Hours | -12% | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| Gaede | 13.40 | -1.20 | -1.50 | -0.00 | 10.70 | 9.42 | $385 | $3626.70 |
| Lisi | 101.70 | -0.50 | -0.50 | -0.00 | 100.70 | 88.62 | $260 | $23041.20 |
| Stack | 47.00 | -0.00 | -0.50 | -0.00 | 46.50 | 40.92 | $225 | $9207.00 |
| Filpi | 38.00 | -0.00 | -0.00 | -0.00 | 38.00 | 33.44 | $225 | $7524.00 |
| McGurk | 13.20 | -1.00 | -0.00 | -0.00 | 12.20 | 10.74 | $225 | $2416.50 |
| | | | | | | | | **$45815.40** |

## Period 2: Review of 6/12/00 Order and briefing of Count IV

| Attorney | Hours claimed | Unidentified Conferences | Unrelated case | Count IV | Adjusted Hours | -12% | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| Gaede | 1.10 | -0.00 | -0.00 | -1.10 | 0.00 | 0.00 | $385 | $0.00 |
| Lisi | 14.70 | -0.00 | -0.80 | -13.90 | 0.00 | 0.00 | $260 | $0.00 |
| Stack | 42.25 | -0.00 | -0.00 | -39.50 | 2.75 | 2.42 | $225 | $544.50 |
| Filpi | 8.80 | -0.00 | -0.00 | -8.80 | 0.00 | 0.00 | $225 | $0.00 |
| McGurk | 2.60 | -0.00 | -0.00 | -0.80 | 1.80 | 1.58 | $225 | $355.50 |
| | | | | | | | | **$900.00** |

## Period 3:  Rule 59(e) motions

| Attorney | Hours claimed | Unidentified Conferences | Unrelated case | Count IV | Adjusted Hours | -12% | Rate | Total |
|---|---|---|---|---|---|---|---|---|
| Gaede | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $385 | $0.00 |
| Lisi | 2.00 | -0.00 | -0.50 | -0.50 | 1.00 | 0.88 | $260 | $228.80 |
| Stack | 24.25 | -0.00 | -1.50 | -7.50 | 15.25 | 13.42 | $225 | $3019.50 |
| Filpi | 20.50 | -0.00 | -0.00 | -6.77 | 13.73 | 12.08 | $225 | $2718.00 |
| McGurk | 14.90 | -0.00 | -5.00 | -5.28* | 4.62 | 4.07 | $225 | $915.75 |
| | | | | | | | | **$7482.05** |

\* 3 hour reduction, plus one-third reduction

## Period 4: Appeal

| Attorney | Hours claimed | Unidentified Conferences | Unrelated case | Count IV | Adjusted Hours | -12% | Rate | Total |
|----------|---------------|--------------------------|----------------|----------|----------------|------|------|-------|
| Gaede | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $385 | $0.00 |
| Lisi | 2.70 | -0.00 | -0.00 | -1.03 | 1.67 | 1.47 | $260 | $382.20 |
| Stack | 52.75 | -0.00 | -3.00 | -18.91 | 30.84 | 27.14 | $225 | $6106.50 |
| Filpi | 81.90 | -0.00 | -1.10 | -30.70 | 50.10 | 44.09 | $225 | $9920.25 |
| McGurk | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $225 | $0.00 |
| | | | | | | | | **$16408.95** |

## Period 5: Remand

| Attorney | Hours claimed | Unidentified Conferences | Unrelated case | Count IV | Adjusted Hours | -12% | Rate | Total |
|----------|---------------|--------------------------|----------------|----------|----------------|------|------|-------|
| Gaede | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $385 | $0.00 |
| Lisi | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $260 | $0.00 |
| Stack | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $225 | $0.00 |
| Filpi | 52.70 | -0.00 | -0.00 | -31.00 | 21.70 | 19.10 | $225 | $4297.50 |
| McGurk | 0.00 | -0.00 | -0.00 | -0.00 | 0.00 | 0.00 | $225 | $0.00 |
| | | | | | | | | **$4297.50** |

**Total Periods 1 through 5:**       **$74,903.90**

**Total Fees plus costs:**       **$75,260.20**